UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

DONNA BOYLE,                              )
                                          )
      *Plaintiff*                     )
                                          )
v.                                        )    No. 2:13-cv-281-DBH
                                          )
CAROLYN W. COLVIN, Acting                 )
Commissioner of Social Security,          )
                                          )
      *Defendant*                    )


## REPORT AND RECOMMENDED DECISION[1]

The plaintiff in this Social Security Disability ("SSD") appeal contends that the administrative law judge wrongly weighed the opinions of one of her treating physicians. I recommend that the court affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from degenerative disc disease of the lumbar spine, an impairment that did not meet or medically equal the criteria of any impairment included in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4, Record at 21-23; that she retained the residual functional capacity ("RFC") to perform light work, except that she required the option to sit or stand at will, could never climb ladders, ropes,

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the defendant to file a written opposition to the itemized statement. Oral argument was held before me on June 11, 2014, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

or scaffolds, and could only occasionally climb ramps and stairs, balance, stoop, kneel, crouch, or crawl, Finding 5, *id*. at 23; that she was unable to perform any past relevant work, Finding 6, *id*. at 26; that, given her age (42 on the alleged date of onset of disability, March 1, 2009), at least high school education, work experience, and RFC, and using the Medical-Vocational Guidelines in Appendix 2 to 20 C.F.R. Part 404, Subpart P (the "Grid") as a framework for decision making, there were jobs existing in significant numbers in the national economy that the plaintiff could perform, Findings 7-10, *id*.; and that, therefore, she had not been under a disability, as that term is defined in the Social Security Act, from the alleged date of onset through the date of the decision, June 29, 2012, *id*. at 27. The Appeals Council declined to review the decision, *id*. at 1-3, making it the final determination of the commissioner. 20 C.F.R. § 404.981; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. § 404.1520(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

The plaintiff contends that the administrative law judge should have given controlling weight to the opinions of her treating neurologist, John Pier, M.D., or, in the alternative, substantial weight. Plaintiff's Statement of Errors ("Itemized Statement") (ECF No. 13) at 1, 4. She relies on a document entitled Treating Source Statement - RFC dated April 13, 2012, Record at 436-40, and particularly Dr. Pier's conclusions that she would need breaks more frequently than every two hours for stretching and pain relief, and could work only at a sedentary level on a part-time basis. Itemized Statement at 3.

The administrative law judge discussed the form filled out by Dr. Pier as follows:

> As for the opinion evidence, Dr. Pier completed an evaluation form on April 23, 2010 upon which he opined that the claimant could perform sedentary work activities, but likely on a part-time basis (Exhibit 20F). Although this form provided a section to specifically detail the claimant's residual functional capacity, Dr. Pier left this section blank. The undersigned has not given this opinion significant probative value because it is no[t] supported by the contemporaneous medical record, is not supported by any accompanying rationale, provides no specific functional assessment of the claimant's ability to perform work related functions, and provides no estimated duration for any of the functional limitations.

Record at 26.

The form itself is one that has been used repeatedly by the plaintiff's attorney and his law firm in Social Security cases. This court has rejected the argument that the information presented on the form, standing alone, requires that the recorded opinions be given controlling weight. *See, e.g., Bowker v. Commissioner, Soc. Sec. Admin.*, Civil No. 2:13-CV-122-DBH, 2014 WL 220733, at *3 (D. Me. Jan. 21, 2014); *Stain v. Astrue*, No. 2:11-CV-225-DBH, 2012 WL 1067867, at *4 (D. Me. Mar. 28, 2012); *Hadley v. Astrue*, No. 2:10-cv-51-GZS, 2010 WL 5638728, at *3-*4 & n.2 (D. Me. Dec. 30, 2010). A treating physician's opinion is given controlling weight only when

it is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the case record. 20 C.F.R. § 404.1527(c)(2).

In this case, the administrative law judge pointed to substantial medical evidence in the record that was not consistent with the conclusions Dr. Pier expressed by checking boxes on the form. She wrote as follows:

> [T]he undersigned has given significant probative value to the opinion of Iver Nielson, M.D., the impartial State medical consultant who reviewed the medical record as of December 15, 2010 in conjunction with the claimant's application for benefits (Exhibit 4F). The undersigned finds that nothing has been submitted into the medical record to undermine the doctor's conclusion that the claimant can perform a wide range of light exertional work activities. Indeed, the claimant has not sought additional medical treatment for her back impairment since Dr. Nielson conducted his review.

Record at 25. Thus, while it may well be that the record contains medical evidence and opinions that are consistent with Dr. Pier's opinions, as the plaintiff describes at length,[2] Itemized Statement at 8-15,[3] such consistency does not require the administrative law judge to give Dr. Pier's opinions controlling weight. Some of those opinions are inconsistent with Dr. Nielsen's opinions, Record at 304; that fact alone deprives them of controlling weight. *See, e.g., Bisbee v. Colvin*, No. 2:13-CV-95-GZS, 2014 WL 294495, at *7-*8 (D. Me. Jan. 27, 2014).

The administrative law judge also provided sufficient reasons for her decision not to ascribe significant weight to Dr. Pier's opinions as expressed on the form. As she pointed out, Dr. Pier left blank sections of the form that asked him to specify any work-related restrictions, other than a need for frequent scheduled and unscheduled breaks for stretching and pain relief, and the question

---

[2] At oral argument, the plaintiff's attorney listed at length evidence in the record that supported Dr. Pier's opinions. The issue on appeal, however, as set forth earlier herein, is whether the administrative law judge's conclusions are supported by substantial evidence.

[3] The quoted sections of the medical records do not, however, specify any particular work-related restrictions or limitations caused by the conditions and symptoms that are reported. Itemized Statement at 8-12.

that asked whether the restrictions were "reasonably consistent with the patient's medical conditions." Record at 437-38, 440. As this court has noted in other cases in which this form was submitted, by different physicians, the form "does not report the medically acceptable signs, symptoms, and/or laboratory findings that led to the diagnos[is] and are required before any severe impairment leading to physical or mental limitations may be found to exist by the administrative law judge." *Stain*, 2012 WL 1067867, at *4.

The plaintiff refers briefly to the factors that the administrative law judge must consider in evaluating the opinion of a treating medical source under the terms of Social Security Ruling 96-2p. Itemized Statement at 6. That Ruling defines the terms found in 20 C.F.R. § 404.1527(c)(2). Social Security Ruling 96-2p, reprinted in *West's Social Security Reporting Service* Rulings (Supp. 2013-2014), at 112. There is no dispute that Dr. Pier is "an acceptable medical source," Itemized Statement at 6.

The plaintiff states that Dr. Pier "has treated her for chronic low back and left lower extremity pain status-post fusion since March 2009[]" and therefore "has a strong longitudinal knowledge and understanding of this impairment and the chronicity and severity of this impairment." *Id*. However, Dr. Pier wrote on the form that he had seen the plaintiff "2-3 [times]/yr" and had "taken over" her treatment only from "@2009" and "only until 3/12/2010." Record at 436. The plaintiff indicates that her first visit with Dr. Pier was on March 13, 2009. Itemized Statement at 3. She characterizes this period of treatment with Dr. Pier as "more than three years." *Id*. at 4. Dr. Pier's entry on the form strongly suggests otherwise: that he treated her for no more than a year. The plaintiff's attorney agreed to this correction at oral argument.

Thus, while Dr. Pier clearly examined the plaintiff and did treat her, the first two factors listed in 20 C.F.R. § 404.1527(c)(2), the length of that treatment relationship and the frequency of

5

examination, the third factor, supports the administrative law judge's treatment of Dr. Pier's opinions. The same is true of the next factor listed in the regulation, consistency of the opinions with the record as a whole, where there is no uniform support in the record for Dr. Pier's opinions, as discussed by the administrative law judge. Record at 24-26. Finally, Dr. Pier's specialization requires that his opinion be given more weight than that of a source who is not a specialist. The administrative law judge addressed this issue as well, noting that Dr. Pier is a surgeon. *Id.* at 25.

In short, the administrative law judge's discussion of her reasons for giving Dr. Pier's opinions less weight than those of Dr. Nielson is adequate and comports with the commissioner's regulations.

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 25th day of June, 2014.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge